**For documents, declarations, and orders in regards to COVID-19, click the link below. Monitor local news sources for continuing updates.**

COVID-19 Related Documents and Declarations
(https://co.jefferson.tx.us/documents/Coronavirus%20Docs/coronavirusdocs.htm)

Recertified Operating Plan for Conducting Jury Trials
(https://co.jefferson.tx.us/documents/Coronavirus%20Docs/Recertified_JuryTrial_OperatingPlan_Jan2021.pdf)



# District Clerk Online

Welcome, **erbenton**! My Transactions (TransactionHistory.aspx) | Log Off (LogOff.aspx)

Back to Case Results (CaseSearchResults.aspx)

**Civil Case '207335' documents:**

| Document Number | Document Name | Document Pages | Document Date | Add To Cart |
|---|---|---|---|---|
| 2300300 (Document.aspx?PRJ=CIV&DN=2300300) | PETITION (PLAINTIFFS ORIGINAL) | 9 | 04/01/2021 | Add To Cart |
| 2300301 (Document.aspx?PRJ=CIV&DN=2300301) | CIVIL PROCESS FORM | 2 | 04/01/2021 | Add To Cart |
| 2300302 (Document.aspx?PRJ=CIV&DN=2300302) | RECEIPT | 1 | 03/31/2021 | Add To Cart |
| 2300309 (Document.aspx?PRJ=CIV&DN=2300309) | RETENTION LETTER | 2 | 03/31/2021 | Add To Cart |
| 2300333 (Document.aspx?PRJ=CIV&DN=2300333) | CITATION | 2 | 03/31/2021 | Add To Cart |
| 2300334 (Document.aspx?PRJ=CIV&DN=2300334) | CITATION | 3 | 03/31/2021 | Add To Cart |
| 2314658 (Document.aspx?PRJ=CIV&DN=2314658) | CITATION (RETURN) | 3 | 05/26/2021 | Add To Cart |
| 2314660 (Document.aspx?PRJ=CIV&DN=2314660) | RECEIPT | 1 | 05/18/2021 | Add To Cart |
| 2316606 (Document.aspx?PRJ=CIV&DN=2316606) | RECEIPT | 1 | 05/24/2021 | Add To Cart |
| << < Page 1 of 1 > >> | | | | |

Home (Home.aspx)

Reset Password (ResetPassword.aspx)

Change Email (ChangeEmail.aspx)

CITATION

C0207335---00004

# THE STATE OF TEXAS

No. E-0207335

## CHRISTOPHER K MADISON ET AL
## VS. MCH TRANSPORTATION COMPANY ET AL

### CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: MCH TRANSPORTATION COMPANY
BY SERVING ITS REGISTERED AGENT
WILLIAM C PENICK IV

by serving at:
190 EAST CAPITOL STREET
SUITE 100
JACKSON, MS   39201

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 30th day of March, 2021. It bears cause number E-0207335 and is styled:

Plaintiff:

**CHRISTOPHER K MADISON ET AL**

VS.

**MCH TRANSPORTATION COMPANY ET AL**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

PLUMMER, HUGH J JR, Atty.
3000 SMITH STREET
HOUSTON, TX   77006 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 31st day of March, 2021.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____ Deputy

Jennifer

RETURN OF SERVICE

E-0207335        172nd JUDICIAL DISTRICT COURT
CHRISTOPHER K MADISON ET AL
MCH TRANSPORTATION COMPANY ET AL
Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE**:
MCH TRANSPORTATION COMPANY
BY SERVING ITS REGISTERED AGENT
190 EAST CAPITOL STREET
SUITE 100
JACKSON, MS 39201 0000

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____, o'clock ___.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

**Name**        **Date/Time**        **Place, Course and Distance from Courthouse**

_____   _____   _____

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total        $_____

_____, Officer
_____, County, Texas

By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is _____
       (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

CITATION

C0207335---00004

# THE STATE OF TEXAS

No. E-0207335

## CHRISTOPHER K MADISON ET AL
## VS. MCH TRANSPORTATION COMPANY ET AL

### CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: MCH TRANSPORTATION COMPANY
BY SERVING ITS REGISTERED AGENT
WILLIAM C PENICK IV

by serving at:
190 EAST CAPITOL STREET
SUITE 100
JACKSON, MS  39201

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org." Said answer may be filed by E-filing through efiletexas.gov, if represented by an attorney; or if filed pro se by delivering or mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 30th day of March, 2021. It bears cause number E-0207335 and is styled:

Plaintiff:

CHRISTOPHER K MADISON ET AL

VS.

MCH TRANSPORTATION COMPANY ET AL

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

PLUMMER, HUGH J JR, Atty.
3000 SMITH STREET
HOUSTON, TX   77006 0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 31st day of March, 2021.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _____ Deputy

Jennifer

RETURN OF SERVICE

E-0207335        172nd JUDICIAL DISTRICT COURT
CHRISTOPHER K MADISON ET AL
MCH TRANSPORTATION COMPANY ET AL

Executed when copy was delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
MCH TRANSPORTATION COMPANY
BY SERVING ITS REGISTERED AGENT
190 EAST CAPITOL STREET
SUITE 100
JACKSON, MS 39201 0000

**OFFICER'S RETURN**

Came to hand on the _____ day of _____, 20____, at _____, o'clock ___.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:
_____

and the cause or failure to execute this process is:
_____

and the information received as to the whereabouts of said defendant(s) being:
_____

**FEES:**
Serving Petition and Copy $_____
Total                    $_____

_____, Officer
_____, County, Texas
By: _____, Deputy

_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
         (First, Middle, Last)
_____.
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/30/2021 3:00 PM
JAMIE SMITH
DISTRICT CLERK
E-207335

CAUSE NO. E207335

| | | |
|---|---|---|
| **CHRISTOPHER K. MADISON and BARBARA LYNN MADISON** | § § § § | IN THE DISTRICT COURT OF |
| *Plaintiffs,* | § § | |
| VS. | § § | 172nd JUDICIAL DISTRICT |
| **MCH TRANSPORTATION CO and LEWIS KENDRICK DONELL** | § § § § | |
| *Defendants.* | § | JEFFERSON COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MR. CHRISTOPHER K. MADISON and MS. BARPARA LYNN MADISON, Plaintiffs (hereinafter referred to by name individually or as "Plaintiffs") in the above styled and numbered cause, and complains of Defendants LEWIS KENDRICK DONNELL., (hereinafter referred to individually as "Defendant" or "Donell" and jointly as "Defendants"), and MCH TRANSPORTATION CO. (hereinafter referred to individually as "Defendant" or "MCH" and jointly as "Defendants") and for just cause would respectfully show unto this Honorable Court as follows:

1. Plaintiffs intend that discovery be conducted pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, and requests a level three (3) discovery control plan.

2. Plaintiffs MR. CHRISTOPHER KIRK MADISON and MS. BARBARA LYNN MADISON are an individual's residing in Atascosa County, Texas.

3. Defendant KENDRICK LEWIS DONELL, the driver of the commercial vehicle at issue, is an individual residing in Mississippi, at 505 Welch St. Canton, MS 39046 and may be

served with citation and process at his residence.

4. Defendant MCH TRANSPORTATION CO., is a Foreign Corporation, with its principal place of business in Jackson, Mississippi. Defendant can be served with citation and process by serving its Registered Agent for service, William C. Penick IV at 190 E. Capitol Street, Suite 100, Jackson, Mississippi 39201, and or any of its officers or directors. As used herein, Defendant "MCH" means and includes its agents, servants, employees, and vice-principals acting in the course and scope of their duties and responsibilities for this Defendant, including but not limited to KENDRICK LEWIS DONELL.

5. Jurisdiction is proper before this Honorable District Court in Jefferson County. Venue is proper pursuant to TEX. CIV. PRAC. & REMEDIES CODE §15.002(a) (1) since the incident made the basis of this suit took place in Jefferson County, Texas.

6. In the state of Texas, County of Jefferson, on or around the 1:12 in the morning of the 10th day of November, 2021, Plaintiffs were traveling west on interstate 10 at or around FM 365, in Texas. Plaintiffs were traveling west bound, in the same direction as Defendants, in a 2020 Toyota Corolla. Defendant Donell was operating a commercial tractor (a white 2019 Freightliner) pulling a trailer (a Vanguard National Trailer), as part of and in furtherance of his employment for Defendants. Defendant Donell suddenly and recklessly changed lanes into Plaintiffs' lane of traffic, and violently slammed into Plaintiffs' vehicle. As a result of Defendant's sudden and unsafe conduct, Plaintiffs suffered severe and catastrophic personal injuries. At the time of the incident, Donell was operating Defendants' vehicle while in the course and scope of his employment with Defendant, MCH. Plaintiffs sustained severe injuries as a result of the collisions and negligence of Defendants.

7. As a result of Defendants' behavior Plaintiffs sustained injuries and damages. Said

injuries and damages were immediate and ongoing, and were proximately caused by the negligent conduct of Defendants. Defendant Donell operated the vehicle he was driving in a negligent manner, grossly negligent manner, or was negligent *per se*. Donell was negligent and failed to exercise ordinary care in the operation of Defendants' vehicle in one or more of the following ways, including but not limited to:

    a.    by failing to keep a proper lookout, which a person of ordinary prudence would have done and maintained under same or similar circumstances;

    b.    by failing to control Defendant's speed;

    c.    by failing to timely apply the brakes of the vehicle in order to avoid the collision in question;

    d.    by failing to stop the vehicle, before the collision made the basis of this suit, during the collision made the basis of this suit, or after the collision made the basis of this suit;

    e.    by failing to maintain the requisite level of prudence and care of a commercial vehicle license holder, or in the alternative by failing to maintain the requisite level of prudence and care of a ordinary driver and license holder in the state of Texas;

    f.    by failing to turn the vehicle in an effort to avoid the collision in question;

    g.    by failing to maintain a safe distance;

    h.    by recklessly causing the incident made the basis of this lawsuit;

    i.    by recklessly and with conscious disregard for the safety and wellbeing of others, colliding with Plaintiffs' vehicle, while negligently and/or recklessly operating a commercial vehicle;

    j.    by failing to safely change lanes;

    k.    by failing to maintain Defendants' vehicle in a single lane of traffic, and moving Defendants' vehicle into the lane of Plaintiffs vehicle when it was unsafe to do so;

    l.    by failing to yield the right of way;

m. by failing to control the vehicle;

n. by allowing for driver inattention;

o. by failing to exercise normal judgment and foresight with regard to the incident made the basis of this suit;

p. by failing to exercise normal judgment and foresight, Defendant failed to take reasonable and necessary steps within Defendant's control to prevent or avoid the incident;

q. by making an unsafe and reckless turn; and

r. for such other and further negligence and negligence *per se* as discovery may reveal.

8. Plaintiffs would show that Defendant MCH, is liable pursuant to the doctrine of *respondeat superior* for the conduct of Donell because Donell was operating the vehicle in the course and scope of his employment for MCH. MCH was also negligent, negligent *per se*, or grossly negligent in one or more of the following respects:

a. in its hiring of Defendant Donell;

b. in its entrustment of the fleet vehicle under its control to Defendant Donell;

c. in its general training and safety implementation related to its fleet and drivers;

d. in its retention;

e. in its failure and breach of duty to have adequate safety management and controls in place to prevent losses and injuries such as those made the basis of this lawsuit;

f. its training, supervision, oversight, and control of its employees, including but not limited to Defendant Donell, his superiors and managers;

g. in its failure and breach of duty to meet or comply with all statutory requirements of a reasonable and compliant busines or motor carrier; and

    h.  for such other and further negligence or negligence *per se* that discovery in this matter may reveal.

For the reasons set forth above, Plaintiffs have suffered losses and damages in a sum or amount within the jurisdictional limits of this court, and Plaintiffs seek to recover said sum or amount from Defendants.

  9.  Plaintiffs plead joint and several liability against Defendants. Plaintiffs would show that Plaintiffs' assertions of liability against Defendants; including, but not limited to, negligence, negligence *per se*, or gross negligence by Defendants; are acts, omissions, or breaches of duty which Defendants engaged in individually, jointly and severally. Defendants' individual, joint, and several liability proximately caused the real and personal injuries to Plaintiffs. Plaintiffs seek to recover from Defendants; and each Defendant individually, jointly and/or severally; for damages and all just causes of action for which Plaintiffs are justly entitled and are allowable under the laws of the State of Texas. Plaintiffs seek to recover from Defendants for past, and in all reasonable probability, the future: physical pain, mental anguish, physical impairment, disfigurement, lost earnings, loss of earning capacity, and medical care expenses all of which Plaintiffs suffered in the past and for which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural life.

  10.  Such negligence and/or negligence *per se* by Defendants and/or each of them further constituted gross negligence, for which Plaintiffs seeks the recovery of exemplary damages against Defendants and/or each of them jointly, individually, or severally to the maximum extent permitted by the applicable law.

  11.  As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs suffered severe bodily injuries. The injuries have had a serious impact on

the Plaintiffs' health and wellbeing. Some of the issues are permanent and will in all reasonable medical probability persist with the Plaintiffs for a substantial portion of their life, if not for their entire life.

12. As a direct and proximate result of the conduct of Defendants, Plaintiffs have incurred expenses for medical care and attention. These medical and health care expenses were incurred for the necessary care and treatment of the injuries arising from the incident made the basis of this lawsuit. The medical and health care charges are reasonable, necessary, and were the usual and customary charges made for such services in the county where they were incurred.

13. In the event Defendants deny liability or responsibility for the incident, Plaintiffs would show that Plaintiffs were not negligent in connection with the occurrence in question. Plaintiffs deny any allegation, if any, by Defendants jointly and/or each of them individually that anything Plaintiffs did or failed to do was a proximate cause of the occurrence in question, or damages in question. For further denial, should such be necessary, Plaintiffs generally deny any counterclaim asserted by any Defendant.

14. As a direct and proximate result of the conduct of Defendants, and because of the injuries sustained by the Plaintiffs, there is a reasonable probability that Plaintiffs' will require additional, future, and further medical care. Likewise, Plaintiffs will in all probability incur and future reasonable and necessary expenses for their medical care and attention.

15. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiffs seek monetary relief over $1,000,000.00 and a demand for judgment for all other relief to which Plaintiffs may justly be entitled, including but not limited to:

- Pain and suffering in the past;
- Pain and suffering in the future;
- Mental anguish in the past;

- Mental anguish in the future;
- Past medical expenses;
- Future medical expenses;
- Physical impairment in the past;
- Physical impairment in the future;
- Physical disfigurement in the past;
- Physical disfigurement in the future;
- Loss of earnings;
- Loss of earning capacity;
- Pre judgment interest;
- Post judgment interest;
- Economic losses;
- Property damage losses;
- Loss of use and enjoyment of property;
- Actual and noneconomic damages and losses;
- Court Costs; and
- Exemplary damages.

16. Plaintiffs seek, requests, and prays this Honorable Court will assess prejudgment and post judgment interest on all monies awarded, taxed against Defendants, and calculated pursuant to the maximum amount allowed by and pursuant to Texas law.

17. Plaintiffs demand a trial by jury, and have tendered and paid the requisite jury fee contemporaneously with the filing of this lawsuit.

18. Plaintiffs further hereby move for a protective order to protect the Plaintiffs from invasion of their federal and/or state rights to privacy in Plaintiffs' health information that may be disclosed in this action, including, but not limited to, an order by this Court that such information shall be used only in connection with the prosecution or defense of this litigation, and strictly limiting access to this information to parties, employees of the parties, their attorneys (including in-house counsel), and to members of the paralegal, secretarial or clerical staff (including shorthand reporters and videographers) assisting such counsel, the Court, court personnel, any jury impaneled in this case, and any mediator used in this case, as well as providing for the return of such information at the conclusion of this case.

19. Plaintiffs plead all matters herein supplementally and/or in the alternative, in order that these pleadings may effectuate the maximum degree of recovery available under Texas law against one or more Defendants, individually and/or collectively, jointly and/or severally, found liable for such injuries and damages.

20. Pursuant to TEX. R. CIV. P. 193.7, Plaintiffs hereby give notice of their intent to use documents produced by any party hereto in any pretrial proceeding and at trial against the producing party.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs MR. CHRISTOPHER K. MADISON and MS. BARPARA LYNN MADISON, hereby request and pray that Defendants be cited to appear and answer, and on final jury trial hereafter, Plaintiffs have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Honorable Court, together with all pre judgment and post judgment interest as allowed by law; for all actual, economic, non-economic, consequential, exemplary and other damages as well as costs of Court; and for such other and further relief to which Plaintiff may be justly entitled by law and equity.

Respectfully submitted,

**THOMAS J. HENRY LAW, PLLC**
P.O. Box 696025
San Antonio, Texas 78269
(210) 656-1000 – Phone
(877) 513-1359 – Facsimile
Service email: *hplummer-svc@tjhlaw.com*
*\*Service by email to this address only*

By: _____

HUGH J. PLUMMER
State Bar No.: 24039119
U.S. Southern Dist. Court No.: 36757

*Attorneys for Plaintiffs*